IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Katherine Malaney,

       Plaintiff,

  v.                            Case No. 2:10-cv-401

AT&T Umbrella Benefit
Plan No. 1, et al.,

       Defendants.

OPINION AND ORDER

      This is an action brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. by plaintiff Katherine Malaney against defendants AT&T Umbrella Benefit Plan No. 1 ("the Plan") and AT&T, Inc. ("AT&T), in its capacity as the Plan Administrator of the Plan. In the first amended complaint filed on June 4, 2010, plaintiff alleges that she is a former employee of AT&T, and a participant in the Plan. Complaint, ¶ 6. Plaintiff alleges that while employed by AT&T, she became disabled and began receiving long-term disability benefits under the Plan. Complaint, ¶ 7. Plaintiff also sustained a work-related injury for which she filed a worker's compensation claim under Ohio law. Complaint, ¶ 8. Plaintiff acknowledges that under the terms of the Plan, benefit payments may be reduced by amounts the participant receives in worker's compensation benefits. Complaint, ¶ 9. However, plaintiff alleges that as part of her worker's compensation settlement, AT&T agreed that it would not reduce her long-term disability benefits by any amount as a result of the settlement of her worker's compensation claim. Complaint, ¶ 10.

Plaintiff further alleges that following the settlement of her worker's compensation claim, the Plan notified her that it was reducing her benefit payment by the amount of the worker's compensation, and also demanded a repayment of excess benefits. Complaint, ¶ 11. Plaintiff's counsel in the worker's compensation proceedings challenged the offset in communications with AT&T's counsel in those proceedings. Complaint, ¶ 12. Plaintiff then retained her present attorney, who contacted the Plan's claims administrator. Complaint, ¶ 13. By letter dated February 4, 2009, counsel requested a copy of the Plan, the administrative record, and any other relevant documents. Complaint, ¶ 14. When the claims administrator did not respond to this request, counsel sent a letter dated June 19, 2009, and repeated his request for documents. Complaint, ¶¶ 15-16. The claims administrator responded in correspondence dated August 20, 2009, but did not provide a copy of the Plan. Complaint, ¶ 17.

In Count 1 of the first amended complaint, plaintiff asserts a claim under 29 U.S.C. §1132(a)(1)(B) seeking a declaration of her rights to receive long-term disability benefits, as well as a determination that the Plan acted arbitrarily and capriciously in setting off her worker's compensation benefits against her long-term disability benefits. In Count 2, plaintiff seeks statutory penalties under 29 U.S.C. §1132(c) based on the alleged failure of the Plan Administrator to respond to plaintiff's request for a copy of the Plan and other relevant documents made in the letter of February 4, 2009.

This matter is before the court on defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

2

I. Standards for Dismissal under Rule 12(b)(6)

In ruling on a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pleaded allegations in the complaint as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Technologies, Inc., 520 F.3d 516, 519 (6th Cir. 2008); Harbin-Bey v. Rutter, 420 F.3d 571, 575 (6th Cir. 2005). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. Id.

While the complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise the claimed right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and must create a reasonable expectation that discovery will reveal evidence to support the claim. Campbell v. PMI Food Equipment Group, Inc., 509 F.3d 776, 780 (6th Cir. 2007). A complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009). Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between

3

possibility and plausibility of entitlement to relief. Id. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Where the facts pleaded do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief as required under Fed.R.Civ.P. 8(a)(2). Ibid.

Plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; see also Ashcroft, 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Association of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007).

In evaluating a motion to dismiss, a court generally is limited to the complaint and exhibits attached thereto. Amini v. Oberlin College, 259 F.3d 493, 502 (6th Cir. 2001). Most materials outside the pleadings may not be considered in ruling on a 12(b)(6) motion to dismiss unless the motion is converted to one for summary judgment under Fed.R.Civ.P. 56. Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999), abrogated on other grounds, Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002); Weiner v. Klais & Co., Inc., 108 F.3d 86, 88 (6th Cir. 1997). However, courts may consider matters of public record. Jackson, 194 F.3d at 745. The court may also consider a document or instrument which is attached to the complaint, or which is referred to in the complaint and is central to the plaintiff's claim. Fed.R.Civ.P. 10(c)("[a] copy of any written instrument which is an exhibit to a pleading is a part

4

thereof for all purposes."); Doe v. SexSearch.Com, 551 F.3d 412, 416 (6th Cir. 2008); Weiner, 108 F.3d at 89.  Where the plaintiff fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading.  Greenberg v. Life Ins. Co. of Virginia, 177 F.3d 507, 514 (6th Cir. 1999); Weiner, 108 F.3d at 89.

Defendants have attached documents to their motion to dismiss which were specifically referred to in the first amended complaint, but which were not attached to the complaint by plaintiff. Specifically, defendants have submitted: (1) the documents comprising the AT&T Umbrella Benefit Plan No. 1, authenticated by the affidavit of Nancy Watts, a senior benefits analyst for AT&T Services, Inc.; (2) the settlement agreement dated September 13, 2007, which was entered in the worker's compensation proceedings before the Industrial Commission of Ohio; (3) the February 4, 2009, letter from plaintiff's counsel to Corinne Doran, LTD Supervisor at the AT&T Integrated Disability Service Center, P.O. Box 14627, Lexington, Kentucky; and (4) the June 19, 2009, letter from plaintiff's counsel to Ms. Doran.  Since all of these documents were specifically referred to in the complaint, they may be considered by the court in ruling on the motion to dismiss.

In response to the motion to dismiss, plaintiff has submitted additional documents.  These include the affidavit of John R. Workman, the attorney who represented plaintiff in regard to her worker's compensation claim.  The documents referred to in the affidavit include: (1) e-mail correspondence dated February 6, 2007, between Mr. Workman and Darrell R. Shepard, counsel for AT&T, regarding plaintiff's long-term disability benefits (Ex. A); (2) a letter from Mr. Workman to Mr. Shepard dated February 9, 2007,

5

regarding plaintiff's long-term disability benefits (Ex. B); (3) the settlement document entered in the worker's compensation proceedings (Ex. C)(the same document submitted by defendants with the motion to dismiss); (4) a letter from Mr. Workman to Mr. Shepard dated March 10, 2008, concerning the cessation of payment of long-term disability benefits to plaintiff (Ex. D); (5) a follow-up letter from Mr. Workman to Mr. Shepard dated April 29, 2008 (Ex. E); (6) a letter from Mr. Shepard to Mr. Workman dated April 9, 2008, advising him to contact Ms. Doran (Ex. F); a letter from Mr. Workman to Ms. Doran dated May 13, 2008, concerning the offset of plaintiff's long-term disability benefits (Ex. G); a phone message dated July 7, 2008, from Ms. Celia Rodriguez of Assention Collection agency requesting a copy of the settlement agreement (Ex. H); a letter dated July 14, 2008, from Mr. Workman to Ms. Rodriguez, concerning the settlement agreement and requesting that plaintiff's credit be restored (Ex. I); a letter from Ms. Doran to Mr. Workman dated September 15, 2008, identifying the Plan provision providing for a setoff against disability benefits when income from other sources equals 50% of base pay, including worker's compensation payments, and describing the calculations used to offset plaintiff's benefits (Ex. J); and a letter from Mr. Workman to Ms. Doran raising a question concerning allegedly erroneous offsets due to pension benefits which plaintiff never received (Ex. K).

Plaintiff has also submitted the affidavit of Tony C. Merry, her counsel in the instant case. Attached to that affidavit are: (1) the February 4, 2009, letter from Mr. Merry to Ms. Doran (Ex. A); (2) a blank certified mail receipt form (Ex. B); a signed certified mail form addressed to Ms. Doran (Ex. C); the June 19,

2009, letter from Mr. Merry to Ms. Doran (Ex. D); a letter dated July 28, 2009, from Laura Silva of the AT&T Integrated Disability Service Center to Mr. Merry acknowledging receipt on June 23, 2009, of his request for information on plaintiff's behalf (Ex. E); and a letter from Ms. Silva to Mr. Merry dated August 20, 2009, advising that the response to his request was attached.

Defendants have moved to strike all of the above documents, with the exception of the settlement agreement and Mr. Merry's letters of February 4, 2009, and June 19, 2009. Unlike these three documents, which were specifically referred to in the complaint, the other documents submitted by plaintiff are not identified specifically in the complaint, and consideration of these documents would require converting defendants' motion to dismiss into a motion for summary judgment. Since nothing in the rules of civil procedure would prohibit plaintiff from attaching these documents to her memorandum contra, the court will deny the motion to strike. However, the court will not consider these documents, with the exception of the three documents noted above, in ruling on defendants' motion to dismiss. The court notes, however, that even if the court were to consider these documents, they would not alter the court's ruling on defendants' motion.

II. Exhaustion of Administrative Remedies

Defendants argue that Count 1 of the first amended complaint should be dismissed due to plaintiff's failure to exhaust the administrative remedies afforded by the Plan. ERISA's administrative scheme requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court. Miller v. Metropolitan Life Ins. Co., 925 F.2d 979, 986 (6th Cir. 1991). The decision whether to apply the exhaustion requirement is

7

committed to the discretion of the district court. Costantino v. TRW, Inc., 13 F.3d 969, 974 (6th Cir. 1994). The Sixth Circuit "routinely enforce[s] the exhaustion requirement when an ERISA plaintiff contends that his benefits were improperly calculated under the terms of a plan." Durand v. Hanover Ins. Group, Inc., 560 F.3d 436, 439 (6th Cir. 2009). As the court stated in Durand,

> ERISA plans are often complicated things, and the question whether a plan's methodology was properly applied in a particular case is usually one best left to the plan administrator in the first instance. Administrators, not courts, are the experts in plan administration.

Id. Exhaustion and review by plan administrators allows plan fiduciaries to efficiently manage their funds, to correct their errors, to interpret plan provisions, and to assemble a factual record which will assist the court in reviewing the fiduciaries' actions. Ravencraft v. UNUM Life Ins. Co. of America, 212 F.3d 341, 343 (6th Cir. 2000)(citing Makar v. Health Care Corp. of Mid-Atlantic, 872 F.2d 80, 83 (4th Cir. 1989)).

Failure to exhaust administrative remedies is excused "'where resorting to the plan's administrative procedure would simply be futile or the remedy inadequate.'" Coomer v. Bethesda Hospital, Inc., 370 F.3d 499, 505 (6th Cir. 2004)(quoting Fallick v. Nationwide Mutual Ins. Co., 162 F.3d 410, 419 (6th Cir. 1998)). "The standard for adjudging the futility of resorting to the administrative remedies provided by a plan is whether a clear and positive indication of futility can be made." Fallick, 162 F.3d at 419. A plaintiff must show that it is certain that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision. Coomer, 370 F.3d at 505.

The administrative futility doctrine has been applied in two

scenarios: (1) when the plaintiff's suit is directed to the legality of the plan, not to a mere interpretation of it; and (2) when the defendant lacks the authority to make the decision sought by plaintiff. <u>Dozier v. Sun Life Assurance Co. of Canada</u>, 466 F.3d 532, 535 (6th Cir. 2006). Neither of those circumstances is present in the instant case.

The Summary Plan Description states that participants may file a written claim for benefits under the Plan. Summary Plan Description, p. 20. The Plan in the instant case provides for the appointment of a Committee by AT&T, the Plan Administrator. Plan, Section 5.1. The Committee has the authority to grant or deny claims for benefits under the Plan and authorize benefit payments pursuant to the Plan. Plan, Section 5.2(d). The Plan further provides that any individual whose claim for benefits has been denied can obtain further review of the decision by the Committee by submitting a written request for review of the decision denying the claim. Plan, Section 5.2(e).

The booklet entitled "Contact Information for Employee Benefits Plans and Programs" states at page 6: "If you wish to bring a legal action concerning your right to participate in a plan or your right to receive any benefits under a plan (or any of its programs), you must first file a claim for benefits and go through the ERISA claim and appeal process. A legal action should not be filed until you complete the claim and appeal process." The booklet further provides:

> ERISA requires you to exhaust administrative remedies, including filing an appeal of the claim denial before you commence a lawsuit.... Administrative remedies are considered to be exhausted either when your appeal is denied or when the claims administrator fails to issue a decision on your appeal before the end of the time frames

9

described in the applicable SPD or SMM.

Booklet, p. 20.

In the instant case, plaintiff has summarily alleged that she "has exhausted her administrative remedies, or has made a good faith effort to do so. Any further effort at exhaustion would be futile." Complaint, ¶ 20. However, these conclusory allegations are insufficient to plead facts necessary to establish that she has in fact exhausted her administrative remedies, or that exhaustion would be futile. It is alleged that plaintiff's counsel in the worker's compensation proceedings "challenged the setoff in several communications with the attorney who represented AT&T in the worker's compensation matter, as well as with the Plan." Complaint, ¶ 12. However, the complaint is devoid of any specific allegations that plaintiff ever submitted a written complaint to the claims administrator concerning the setoff in accordance with Plan procedures, or that plaintiff ever sought to submit an appeal to the Committee.

The complaint also alleges that plaintiff's counsel contacted the claims administrator "in an attempt to pursue an administrative resolution to the setoff issue." Complaint, ¶ 13. However, in his letter of February 4, 2009, to Ms. Doran, counsel simply requested a copy of plan documents and the administrative record, and stated, "After I have had an opportunity to review this material, I will be in contact with you again to advise you of our position with respect to the setoff." In his letter of June 19, 2009, counsel stated, "The purpose of my inquiry is to evaluate your determination as to the application of the setoff that has been applied to Ms. Malaney's benefits as a result of settlement of litigation." Neither of these letters can reasonably be construed

10

as making a claim for benefits or appealing the denial of benefits.

The court concludes that plaintiff has failed to plead sufficient facts indicating that she has exhausted remedies, particularly her appeal remedies, under the Plan, nor has she pleaded circumstances which would indicate that any exhaustion of her administrative remedies would be futile.  Given the unusual circumstances of the instant case, the court concludes that the parties would benefit from the opportunities for further negotiation which would be available through the administrative procedures under the Plan.  Plaintiff should be given the opportunity to pursue her complaints with the Plan while represented by her current ERISA counsel.  In addition, the development of a complete administrative record would be of assistance to the court in deciding whether the decision to offset plaintiff's benefits was arbitrary and capricious.  Defendants' motion to dismiss Count 1 for failure to exhaust administrative remedies is granted, and that claim is dismissed without prejudice. See Ravencraft, 212 F.3d at 344 (noting that dismissal to permit plaintiff to pursue his administrative remedies should be without prejudice).[1]

III. Statutory Penalties

Defendants have also moved to dismiss Count 2 of the first amended complaint, which requests statutory penalties under 29 U.S.C. §1132(c).  Under 29 U.S.C. §1024(b)(4), the "administrator shall, upon written request of any participant or beneficiary,

---

[1] Based on this ruling, the court will not address defendants' alternative argument that Count 1 should be dismissed for failure to state a claim based on the worker's compensation settlement agreement. Consideration of these arguments is best left in the first instance to the Plan claims administrator and the Plan Committee to give them the opportunity to interpret the Plan and to create an adequate administrative record.

furnish a copy of the latest updated summary, plan description, and the latest annual report[.]"  §1024(b)(4).  Section 1132(c)(1) states:

> Any administrator ... (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.  For purposes of this paragraph, ... each violation described in subparagraph (B) with respect to any single participant or beneficiary, shall be treated as a separate violation.

§1132(c)(1).

It is well established that only plan administrators are liable for statutory penalties under §1132(c).  <u>Gore v. El Paso Energy Corp. Long Term Disability Plan</u>, 477 F.3d 833, 843 (6th Cir. 2007); <u>Hiney Printing Co. v. Brantner</u>, 243 F.3d 956, 961 (6th Cir. 2001)("The law in this Circuit is clear that '[o]nly a plan administrator can be held liable under section 1132(c).'")(quoting <u>VanderKlok v. Provident Life & Accident Ins. Co.</u>, 956 F.2d 610, 617 (6th Cir. 1992)).  The term "administrator" is defined as "(i) the person specifically so designated by the terms of the instrument under which the plan is operated; (ii) if an administrator is not so designated, the plan sponsor[.]"  29 U.S.C. §1002(16)(A).

AT&T is identified as the plan sponsor in the Plan documents. Plan, §5.1 ("The Company shall be the Plan Administrator and the Sponsor of this Plan[.]").  The first amended complaint also alleges that AT&T is the plan administrator of the Plan.  The

12

complaint further alleges that counsel contacted the Plan's claims administrator and requested a copy of the Plan and other relevant documents from the claims administrator by letters dated February 4, 2009 and June 19, 2009.  Complaint, ¶¶ 13-18.  The letters themselves reveal that the requests for Plan documents was sent to Ms. Doran at the AT&T Integrated Disability Service Center, which is identified in the Contacts Booklet as the claims administrator for the Plan.  The complaint fails to specifically allege that plaintiff sent a request for Plan documents to AT&T, the plan administrator.

The fact that a request for Plan documents was sent to the claims administrator is not sufficient to trigger liability on the part of AT&T under §1132(c).  The duty of a plan administrator under §1024(b) to furnish a copy of plan documents "upon written request of any participant or beneficiary" and to do so "within 30 days after such request" as required under §1132(c) can only reasonably be said to arise after the plan administrator has received the request, or at the very least has knowledge of the request.

Plaintiff argues that the receipt of her request for Plan documents by the claims administrator is sufficient to satisfy the requirement for receipt of that request by the plan administrator.  However, the Sixth Circuit "in Hiney also rejected an agency theory when confronting a claim for civil penalties brought pursuant to § 1132(c) for violations of §1024(b)."  Gore, 477 F.3d at 843.  In any event, the complaint does not allege that the claims administrator, the AT&T Integrated Disability Service Center, was operated by AT&T, or that employees of the Center were also employees of AT&T.  The complaint contains no facts indicating that

AT&T was involved in the day-to-day aspects of claims administration in any way, so that a request for Plan documents made to the Center might be deemed notice of the request to AT&T. Unlike Minadeo v. ICI Paints, 398 F.3d 751, 759 (6th Cir. 2005), where there was evidence to suggest that the employer participated in the administration of benefits under the pension plan, no facts are included in the instant complaint that AT&T has any involvement in the claims administration process at the Center.  In fact, the contact booklet contains a section entitled "Official Plan Documents" which states:

> If you wish to request copies of ERISA plan documents – or other documents under which an ERISA plan is established or operated – you must sent your request in writing to:
>
> AT&T Inc.
> P.O. Box 132160
> Dallas, TX 75313-2160

Contact Booklet, p. 19.  This is a different address than the Kentucky address provided for the claims administrator, identified at page 20 of the booklet as the AT&T Integrated Disability Service Center.

Plaintiff also argues that she did not know that requests for plan documents should be sent to AT&T at the Texas address because she did not have a copy of the plan.  Section 1124(b)(4) makes no exception in the case of participants who do not yet have a copy of the plan to the requirement that a written request for plan documents be made to the plan administrator.  It is not unreasonable to expect participants to contact their personnel office or the claims administrator to obtain the address of the plan administrator where requests for plan documents should be sent

14

if they do not know the address of the plan administrator. Plaintiff does not allege in the complaint that it would have been impossible to obtain the address for AT&T as the plan administrator from the claims administrator or some other source, such as the personnel department of the AT&T division where she was formerly employed.  It should also have been clear to plaintiff's counsel that it is the plan administrator which has an obligation under §1124(b)(4) to furnish plan documents, not the claims administrator, yet no explanation is offered in the complaint or otherwise as to why the address for AT&T as the plan administrator could not have been obtained from the claims administrator.

The allegations in the complaint state that requests for plan documents were presented to the claims administrator, but do not state that a written request for plan documents was submitted to AT&T, the plan administrator.  Count 2 thus fails to state a claim under §1132(c), and that claim is hereby dismissed.  Considering the fact that, although plaintiff submitted various documents with her memorandum contra, no evidence of any written request for plan documents made directly to AT&T has been presented to date, the court doubts that plaintiff will ever be able to state a claim under §1132(c) based upon these particular alleged acts of failure to disclosure.  However, in an abundance of caution, this claim will be dismissed without prejudice.

IV. Conclusion

In accordance with the foregoing, the motion to strike (Doc. No. 22) is denied, but the court has not considered the exhibits attached to plaintiff's memorandum contra, other than the three exhibits specifically referenced in the first amended complaint, in determining whether the complaint states a claim for relief.  The

motion to dismiss (Doc. No. 12) is granted. The first amended complaint is dismissed without prejudice, and plaintiff shall be permitted to exhaust her administrative remedies.

Date: December 9, 2010              _____s/James L. Graham_____
                                    James L. Graham
                                    United States District Judge